## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE SMALLS, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-5842** |
| | : | |
| BRADLEY E. HALTER, *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

JONES, J.                                                                  FEBRUARY  24, 2021

Plaintiff Andre Smalls, a prisoner currently incarcerated at the Bucks County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983.  In his Amended Complaint,[1] Smalls has named the following Defendants: Bradley E. Halter (identified in the Amended Complaint as a "Probation Supervisor"), Wallace H. Bateman, Jr. (identified as a "President Judge"), John Collier (identified as a "Parole Supervisor"), and Jacob Gavern (identified as a "Parole, Probation Officer").  (ECF No. 13 at 2-3, 4.)[2]  Judge Bateman is the only Defendant sued in his individual and official capacity; the other Defendants are sued only in their individual capacities.  (*Id.* at 2.)  For the following reasons, Smalls's Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

I.      **FACTUAL ALLEGATIONS**

According to the Complaint, Smalls, who was on probation during the time period in question, asserts that on September 10, 2020, a praecipe was filed with "false documents," and on September 14, 2020, a warrant was issued for his arrest.  (*Id.* at 5.)  On September 16, 2020, Smalls was taken into custody by Collier and Gavern.  (*Id.* at 4-5.)  Specifically, Smalls avers that he was "kidnapped" by Collier and Gavern who "illegally" searched his person and his house at 2107 Bridge Street "without a warrant or [his] consent to do so."  (*Id.* at 5.)  Smalls seeks compensatory and punitive damages in the amount of ten million dollars from each Defendant for violating his rights, alleging that he has been falsely imprisoned by the use of false documents.  (*Id.*)  Smalls avers that he has suffered mentally and is "emotional[ly] scared."  (*Id.*)

On February 8, 2021, Smalls filed a supplemental pleading entitled "Add to Complain[t]."  (ECF No. 20.)  In so doing, Smalls appears to add factual allegations to his Amended Complaint by stating that on September 15, 2020, his sister (Trina Grant) called his "P/O and told him that [Smalls] had firearms and drugs" in his house and that "is why the agents came back to [his] house to search."  (*Id.* at 1.)  Smalls also asserts that on September 16, 2020, he overheard his sister (Belinda Smalls) telling his "P/O" that Smalls had "guns and drugs" hidden in his mother's room.  (*Id.*)  Subsequently, on either September 17, 2020 or September 18, 2020, Gavern and Collier went to Smalls's home and "kick[ed] in [his] back door, illegally searching" his house without a warrant in violation of the Fourth Amendment.  (*Id.*)  Smalls avers that his sister found the back door kicked in, the house ransacked, and alleges that they also searched his mother's room.  (*Id.*)  Finally, with respect to Judge Bateman, Smalls avers that he did not receive a court hearing prior to the issuance of the arrest warrant, which Smalls asserts is

a Fourteenth Amendment violation.  (*Id.*)  There are no factual allegations concerning Halter in any of Smalls's pleadings.

A review of public records indicates that Smalls pled guilty to drug charges on August 22, 2016 and was sentenced to a minimum of eighteen to a maximum of thirty-six months imprisonment to be followed by a consecutive term of two years' probation.  *See Commonwealth v. Smalls*, CP-09-CR-1914-2016 (C.C.P. Bucks).  On September 10, 2020, the Bucks County Probation Department filed a praecipe for probation/parole violation hearing as a result of new charges.  (*Id.*)  An Order granting motion for hearing on violation of probation/parole was entered by Judge Bateman on September 14, 2020.  (*Id.*)  A probation/parole violation hearing was initially scheduled for October 30, 2020 but was continued on two occasions and recently conducted on January 22, 2021.  (*Id.*)  According to the state court docket, Smalls remains in custody at the Bucks County Correctional Facility.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court granted Smalls leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees to commence this civil action.  (ECF No. 16.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Smalls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*,

655 F.3d 333, 339 (3d Cir. 2011).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## II.     DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Certain of Smalls's Claims Are Not Cognizable

Smalls's claims appear to be based in part on allegations that his constitutional rights have been violated in connection with the revocation of his probation and his related imprisonment.  Pursuant to the favorable termination rule, "a harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless that conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."  *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005).  If the success of Smalls's § 1983 claims necessarily requires a finding regarding the "invalidity of the . . . decision to revoke" probation, the claims fail.  *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006);[3] *Burton v. Delaware Cty. Court House*, Civ. A. No. 12-4175, 2012 WL 3223691, at

---

[3] In *Williams*, the plaintiff instituted a § 1983 action against his parole officer following the revocation of his parole, alleging the officer "seized him without probable cause and caused him to be arrested and falsely incarcerated."  453 F.3d at 176.  The parole officer arrested plaintiff for

*2 (E.D. Pa. Aug. 7, 2012) (the doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations).[4]

Smalls's claim regarding the use of false documents as evidence against him during probation revocation proceedings fails because it would "necessarily demonstrate the invalidity of the . . . decision" to revoke his probation. *Williams*, 453 F.3d at 177. The Amended Complaint and the state court dockets indicate that a probation violation was filed against Smalls as a result of new charges, which resulted in him being placed back into prison. Smalls, however, does not allege that the decision to revoke his probation has been favorably terminated or rendered invalid. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Curry v. Yachera*, 835 F.3d 373, 378-79 (3d Cir. 2016) (holding that plaintiff's failure to allege

---

technical violations of his parole including his failure to obtain approval to change his employment and residence. *Id.* at 175. The United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the case because a finding for plaintiff on his § 1983 claims against the parole officer would necessarily demonstrate the invalidity of the revocation decision, which had not been rendered invalid. *Id.* at 177.

[4] *See McKinney v. Pennsylvania Bd. of Prob. & Parole*, 405 F. App'x. 646, 647 (3d Cir. 2010) (holding that McKinney's claims that he had been imprisoned beyond the maximum terms of his sentences for state convictions and parole violations and that the defendants violated his rights by incorrectly calculating his maximum sentence and by failing to conduct a parole revocation or parole hearing when they revoked his parole and continued to detain him were barred by *Heck* "because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated"); *Connolly v. Arroyo*, 293 F. App'x. 175, 177–78 (3d Cir. 2008) (holding that Connolly's claims relating to the parole-revocation process, including a claim that he was denied a timely revocation hearing, were barred by *Heck*); *Hess v. Chronister*, 247 F. App'x. 377, 380 (3d Cir. 2007) (concluding that Hess's claims that the defendants conspired to violate his rights by holding him on a detainer without notifying him of the charges against him or holding a parole-revocation hearing were barred by *Heck* because success on Hess's claims would necessarily imply that his confinement was invalid); *Worthy v. N.J. State Parole Board*, 184 F. App'x. 262, 264 & 266 (3d Cir. 2006) (affirming dismissal on the basis of *Heck* of claims arising from parole revocation proceedings for damages and declaratory relief including a claim that the defendants did not hold a final revocation hearing).

that his conviction was declared invalid warranted dismissal of his § 1983 claim); *see also Brown v. City of Phila.*, 339 F. App'x. 143, 145 (3d Cir. 2009) (noting that a § 1983 claim "based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence."); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that § 1983 claim based on revocation of parole was barred by *Heck*; "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. Heck therefore applies, and the § 1983 action is not cognizable in a federal court").

Accordingly, because the decision to revoke his probation has not been rendered invalid, Smalls may not attack it via a § 1983 action. *See Williams*, 453 F.3d at 177. Smalls's claims regarding the probation revocation proceedings shall be dismissed without prejudice to refiling if his probation revocation is ultimately invalidated. *See Brown*, 339 Fed. Appx. at 145-46 (3d Cir. 2009) (holding that a § 1983 claim dismissed under the favorable termination rule should be done without prejudice). In addition to the foregoing, the Court finds that Smalls's claims also fail for the reasons which follow.

## B.     Official Capacity Claims

Smalls indicates that he is suing Judge Bateman in his official and individual capacity. (ECF No. 1 at 2.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Judge Bateman serves as the president judge on the Bucks County Court of Common Pleas. The Bucks County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Smalls's claims against Judge Bateman in his official capacity are barred by the Eleventh Amendment.

### C.   Individual Capacity Claims

#### 1.   Judicial Immunity – Judge Wallace H. Bateman

Since Small's claims against Judge Bateman are based on acts he took in his judicial capacity while presiding over the criminal matter in which Smalls is a defendant, those claims lack a legal basis because Judge Bateman is entitled to absolute immunity from those claims. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

#### 2.   Claims Against Bradley E. Halter

There are no factual allegations concerning Halter in any of the pleadings filed by Smalls. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Smalls does not allege how

7

Defendant Halter was involved in the alleged violation of Smalls's constitutional rights, the claims against him are not sufficient to survive screening and will be dismissed.

### 3.    Claims Against John Collier and Jacob Gavern

Smalls avers that Collier and Gavern illegally searched him and his home, without his permission and without a warrant, in violation of his Fourth Amendment rights.  (ECF No. 13 at 5.)  The Court recognizes that *Heck* does not necessarily bar all Fourth Amendment claims. *Heck*, 512 U.S. at 487 n. 7 ("Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action [i.e., a suit for damages attributable to an allegedly unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.") (citations omitted).  However, *Heck* does bar such claims if they seek damages for the injury of conviction or imprisonment, which is exactly what Smalls seeks here.  *See* ECF No. 2 at 5; *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223-24 (3d Cir. 2016) (quoting *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998)) ("*Heck* bars only claims which 'seek [ ] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful'").  When a plaintiff challenges the legality of the underlying search and seizure of his home, and that search and seizure provided evidence to support the conviction, any claims based on the illegal search and seizure are barred by *Heck*.  *See Boyer v. Mohring*, 994 F. Supp. 2d 649, 654-655 (E.D. Pa. 2014).  In this matter, based on the state court dockets, it appears that the Bucks County Probation Department issued a praecipe for a probation violation based on new criminal charges being filed against Smalls.  It is unclear to the Court as to whether any evidence secured during the search was used against Smalls during probation

revocation proceedings.  Accordingly, the Court cannot determine at this time whether *Heck* bars Smalls's Fourth Amendment claims based on the illegal search of his home

In any event, even if *Heck* does not apply here, the claim fails as pled because Smalls must allege facts from which it could be plausibly inferred that reasonable suspicion was lacking for the search.  "[N]o more than reasonable suspicion" is required to justify a search of a probationer, since a probationer's reasonable expectation of privacy is decreased and the government's reasonable need to monitor behavior is increased.  *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005), citing *United States v. Knights,* 534 U.S. at 121, 118-119 (2001). A parole officer is also empowered to conduct a warrantless search of a parolee's property based on reasonable suspicion that the parolee has violated a condition of parole, even after the parolee is in custody.  *United States v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007), citing *United States v. Baker,* 221 F.3d 438, 443-45 (3d Cir.2000) and *United States v. Hill,* 967 F.2d 902, 907-11 (3d Cir.1992).  Smalls has not raised any factual allegations that reasonable suspicion was lacking.  To the contrary, Smalls's supplemental pleading avers that both of his sisters, on separate occasions prior to the alleged search, advised his "P/O" that Smalls had firearms and drugs in his house.  (*Id.* at 1.)  Smalls acknowledges that these instances prompted the agents to go to his house and conduct a search.  (*Id.*)  The information from both of Smalls's sisters appears to have given Collier and Gavern the requisite suspicion to warrant a search of Smalls and his home.  Accordingly, this claim is not plausible and will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Smalls's Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Smalls's claims against Wallace H. Bateman in his individual and official capacity are dismissed with prejudice.

Smalls's claims challenging the search of his person and home will also be dismissed with prejudice.  Smalls's claims challenging the revocation of his probation and related imprisonment are dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[5]  This dismissal does not prevent Smalls from proceeding in a new case on a petition for a writ of *habeas corpus* after exhausting state remedies, to the extent he seeks release from confinement based on the alleged unconstitutionality of his imprisonment.  An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II   J.**

---

[5] The dismissal is without prejudice to Smalls filing a new case only in the event his underlying probation revocation is reversed, vacated, or otherwise invalidated.